UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. 18-244 (SRC) |
| Plaintiff, | : | OPINION & ORDER |
| v. | : | |
| TROY PORTER, | : | |
| Defendant. | : | |

**CHESLER**, District Judge

This matter comes before the Court on the motion for early termination of supervised release by Defendant Troy Porter ("Porter"). For the reasons stated below, the motion will be denied.

On April 16, 2018, Porter pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 13). His plea agreement, entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), included a stipulation that Porter "waives the right to file any appeal, any collateral attack, or any other writ or motion . . . which challenges the conviction or sentence imposed by the Court if the plea is accepted and the sentence is in accordance with the terms of this agreement." (ECF No. 13 at pp. 3-4). Porter and the Government agreed that a sentence of seven years' imprisonment and three years' supervised release was appropriate. (ECF No. 13 at 2). On July 18, 2018, this Court sentenced Porter to seven years' imprisonment and three years of supervised release. (ECF No. 18). Porter subsequently made two motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), both of which this Court denied. (ECF No. 27).

Porter then requested that the Court order his release to a halfway house, which the Court dismissed for lack of jurisdiction without prejudice to Porter filing a petition for a writ of *habeas corpus* in the jurisdiction of his incarceration. (ECF No. 32); see 28 U.S.C. § 2241. Porter began his three-year term of supervised release on February 13, 2023. Porter now moves for early termination on the grounds that the Bureau of Prisons denied Porter proper earned time credits under the First Step Act ("FSA"). (ECF No. 33). The United States District Court Probation Office ("Probation") indicated its non-opposition to Porter's request on May 15, 2024. The Government responded in opposition on May 30, 2024. (ECF No. 35).

The Court may terminate a term of supervised release pursuant to 18 U.S.C. § 3583(e). The relevant statutory provision provides that:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The Court may only provide relief if, after considering the Section 3553(a) factors, "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. The Court is not required to make specific findings of fact; a statement that the Court has considered the statutory factors is sufficient. Id. at 53. "[E]xtraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." Id. (citing United States v. Murray, 692 F.3d 273, 279 (3d Cir. 2012)) (emphasis in original). However, "generally, early termination of supervised release under § 3883(e)(1) will be proper

2

only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quoting United States v. Davis, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotations and modifications omitted). The defendant has the burden to prove that early termination is warranted. United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

Porter's motion fails to meet the statutory standard for several reasons. First, Porter's plea agreement explicitly bars the motion. Where a defendant agrees in a plea agreement to waive any challenge to the sentence imposed by the court, that agreement encompasses motions to modify the terms of supervised release. United States v. Damon, 933 F.3d 269, 274-75 (3d Cir. 2019). The waiver here reads:

> [Defendant] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court . . .

(ECF No. 13, at 7). Porter expressly waived the right to challenge his sentence, and a term of supervised release is a component of that sentence. Damon, 933 F.3d at 274. The instant motion is therefore barred.

Even absent the waiver, Porter's motion would be denied as an improper request for a modification of sentence. Such a motion would properly be filed under 28 U.S.C. § 2241 in the district of incarceration. United States v. Brodie, No. 18-0162, 2024 WL 195250, at *8 (D.N.J. Jan. 18, 2024). Indeed, this Court has already advised Porter that should he want to obtain a sentence modification, he should bring a Section 2241 petition in the United States District Court for the Middle District of Pennsylvania. (ECF No. 32). Porter has not done so. In any event, several courts have found that First Step Act credits cannot apply to decrease the term of supervised release. See Brodie, 2024 WL 195250, at *10 (collecting cases).

Finally, considering the factors stated in 18 U.S.C. § 3553, this Court concludes that early termination of supervised release is not warranted by the conduct of Defendant and is not in the interest of justice. Probation notes that Porter has complied with all conditions of supervised release, consistently tested negative for drugs, has been gainfully employed, and has secured his own apartment. Probation also notes that Porter has experienced several health problems which have required taking medical leave from work. While the Court commends Porter's compliance with the terms of his probation and takes notice of his health problems, these are not sufficient changes in circumstances such that early termination of supervised release would be appropriate. "[A] defendant's routine compliance with the terms of supervision, although commendable . . . is precisely what is expected of a defendant." United States v. Hou, 20-0780, 2022 WL 2671130, at *3 (D.N.J. Apr. 6, 2021). Further, the fulfillment of Porter's term of supervised release is necessary to reflect the seriousness of his office and the need to deter future conduct. See (ECF No. 30, at 10) (noting that "the need for specific deterrence in this case is particularly acute"). Porter has presented no evidence that a change in circumstances warrants a modification. While the Court is not required to find such a change in circumstances, see Melvin, 978 F.3d at 53, in the absence of such a change, there are no affirmative reasons to find that a modification of Porter's supervised release is warranted or in the interest of justice.

*   *   *

For these reasons,

**IT IS** on this 4th day of June, 2024

**ORDERED** that Defendant Troy Porter's motion for early termination of supervised release (Docket Entry No. 33) is **DENIED**.

s/Stanley R. Chesler<br>STANLEY R. CHESLER, U.S.D.J.

Dated: June 4, 2024